# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LISA SCHWEPPE and <br> JILLIAN ZURMUEHLEN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PINE LAWN, MISSOURI, and <br> STEVEN BLAKENEY, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case Number 4:16-cv-00253-JAR <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT STEVEN BLAKENEY'S MOTION FOR STAY IN PROCEEDINGS

Plaintiffs, by and through their undersigned counsel, hereby submit to this honorable Court their Response in Opposition to Defendant Steven Blakeney's Motion for Stay in Proceedings, and in support thereof, state as follows:

### INTRODUCTION

Plaintiffs Lisa Schweppe and Jillian Zurmuehlen initiated the instant lawsuit after Defendant Steven Blakeney, under color of law as a Lieutenant police officer for Defendant City of Pine Lawn, abused his power and authority and drugged, abducted, and transported the subdued Plaintiffs around St. Louis City by police escort, and ultimately to his home in Oakville, Missouri. When the Plaintiff's regained consciousness, they immediately demanded that they be transported home, whereupon Defendant Blakeney had them transported to their home by a subordinate police officer of Defendant City of Pine Lawn. Plaintiffs urge this Court to deny Defendant's Motion for Stay in Proceedings because (i) it fails to identify which proceedings he seeks to stay or any valid factual or legal grounds for any stay; (ii) Plaintiffs' interest in

prosecuting their case outweighs any hardship that Defendant Blakeney may face; and (iii) a stay is not the appropriate remedy to address Defendant Blakeney's concerns.

## FACTUAL BACKGROUND

1. By Order of this Court, each party was required to submit its Rule 16 proposed scheduling plan on or before June 14, 2016.  [Doc. 21, Order dated June 6, 2016.]

2. Plaintiffs filed their Proposed Scheduling Plan on June 12, 2016. [Doc. 23.]

3. Defendant City of Pine Lawn filed its Proposed Scheduling Plan on June 13, 2016.  [Doc. 24.]

4. On or about June 9, 2016, Plaintiff received and email from Defendant Blakeney, requesting that Plaintiff "take the lead" drafting Defendant Blakeney's proposed scheduling plan. Because Counsel for Plaintiff is not Defendant Blakeney's attorney and cannot prepare filings for Defendant Blakeney, Counsel for Plaintiff did not respond.

5. On or about June 14, 2016, Defendant Blakeney missed the filing deadline for the proposed scheduling plan.

6. Defendant Blakeney filed his Motion for Stay In Proceedings on June 15, 2016. [Doc. 25.]

7. Defendant Blakeney seeks an unspecific "stay in proceedings" for a duration of over six (6) months alleging an inability to afford a private attorney,  lack of access to evidence, and lack of access to legal materials due to his current home incarceration. [Doc. 25.]

8. On information and belief, Defendant Blakeney's legal expenses would be covered by or through Defendant City of Pine Lawn, or an insurer thereof if it were determined that Defendant Blakeney was acting under color of law when he committed the acts underlying Plaintiffs' claims.

**LEGAL STANDARD**

Federal district courts "have the inherent power to stay the proceedings of an action, so as to control [their] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [them]." *Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964 (D. Minn. 1998). However, a motion to stay proceedings should be denied where the movant "has not clearly identified the proceedings that he is seeking to stay, and he has not presented any valid factual or legal grounds to enter any stay order as to any proceedings." *Lehmeyer v. Hennepin County Workhouse*, 2012 U.S. Dist. LEXIS 57933 (D. Minn. Mar. 30, 2012). Moreover, "[i]n deciding whether to grant a stay, the Court must weigh various competing interests, including the possible damage, hardship, or inequity which may result from granting the stay or allowing proceedings to continue." *Bussing v. Cor Clearing*, LLC, 2014 WL 3548278, at *3 (D. Neb. July 17, 2014) (citing *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir.1972)). "The Court must also consider the effect of a stay on the 'orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.' *Id*. Where a litigant has not specifically alleged how he will be denied justice, what information exists that he has been denied access to, or how he will obtain such information if he is granted more time, his motion should be denied. *Bagwell v. Brewington-Carr*, No. CIV.A. 97-321-GMS, 2000 WL 1728148, at *20 (D. Del. Apr. 27, 2000), *aff'd*, 33 F. App'x 647 (3d Cir. 2002) ("Bagwell has only leveled broad allegations of injustice and unfairness without specifying how he is being prevented from obtaining justice. Bagwell has also not identified the information that he hopes to uncover if afforded additional time. Nor has he explained how he will obtain this material.") A pro se litigant has not right to counsel a civil case, but may be appointed counsel at the discretion of the court. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998).

**ARGUMENT**

I.  **BLAKELEY DOES NOT IDENTIFY THE PROCEEDINGS HE SEEKS TO STAY OR VALID FACTUAL OR LEGAL GROUNDS TO ENTER ANY STAY ORDER AS TO ANY PROCEEDINGS.**

Defendant Blakeney's motion for a stay should be denied because he does not identify the proceedings he seeks to stay or valid factual or legal grounds to enter any stay order as to any proceedings. Rather, Defendant Blakeney asks that the case be put on pause for a significant and arbitrary amount of time, without alleging what his specific difficulty is or how it will change in the future. Defendant Blakeney makes sweeping claims about his inability to conduct legal research, despite having access to the internet to file his motion. Defendant Blakeney claims that he lacks access to information relative to his defense in this matter, but does not indicate how circumstances will improve for him. Given the seriousness of Defendant Blakeney's recent convictions, his situation is not likely to improve in the near future. Because Defendant Blakeney has failed to state with any specificity what proceedings he is seeking a stay for, why he should be granted to a stay, or how a stay will serve any purpose beyond delay for delay's sake, his motion should be denied. *Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964 (D. Minn. 1998); *Lehmeyer v. Hennepin County Workhouse*, 2012 U.S. Dist. LEXIS 57933 (D. Minn. Mar. 30, 2012); *Bussing v. Cor Clearing*, LLC, 2014 WL 3548278, at *3 (D. Neb. July 17, 2014)

II.  **PLAINTIFFS' INTEREST IN RESOLUTION OF THEIR CASE OUTWEIGHS DEFENDANT BLAKENEY'S INTEREST IN DELAY.**

On November 5, 2014, Plaintiffs' were drugged unconscious and then paraded around town for the pleasure of Defendant Blakeney with the support and resources of Defendant City of Pine Lawn. Since that day, Plaintiffs have been waiting for some sort of recourse. This lawsuit is their last resort. Staying this case will deny the Plaintiffs the right to prosecute their case in the interest of justice and closure without achieving any identifiable objective. This case has already

been delayed at the request of Defendant Blakeney, to give him time to acquire an attorney. Defendant Blakeney now indicates that he will not be seeking an attorney. The Defendant has provided the Court no reason to suppose that he will make better use of future extensions.

For the very reasons that Defendant Blakeney is having trouble securing an attorney, the damage, hardship, and inequity that he will face if his stay motion is denied is extremely minimal, in contrast to the hardship and inequity the Plaintiffs will face if there day in court is subject to further delay. Defendant Blakeney has no money and he is most likely heading to prison. Mr. Blakeney has very little to lose from this lawsuit other than harm to his reputation, which has already suffered a number of hits independent of this lawsuit. Moreover, the events of November 5, 2014 served as at least part of the basis of Defendant Blakeney's termination by Defendant City of Pine Lawn and are likely documented extensively in Defendant City of Pine Lawn's records. Defendant Blakeney contested and litigated his termination. As such, it is dubious what if any additional information Defendant Blakeney could uniquely access or how a stay would enable such access. Because Defendant Blakeney's interests in a stay are minimal compared to the Plaintiffs' interest that the case proceed, the court should deny the Defendant's motion.

### III.   A STAY IS NOT THE APPROPRIATE REMEDY

Of the Defendants, Defendant City of Pine Lawn have the most to lose from this lawsuit. Plaintiffs anticipate that a substantial focus of the early stages of litigation will center around the issue of whether or not Defendant Blakeney was acting under color of law, and whether Defendant City of Pine Lawn is liable for Defendant Blakeney's conduct under *Monell v. N.Y. Dep't of Soc. Svcs*, 436 U.S. 658 (1978) and its progeny. Plaintiffs believe that the resolution of these preliminary issues, particularly the color of law issue, will determine whether Defendant

Blakeney is entitled to an attorney under his contract. As such, in lieu of a stay, a more appropriate remedy would be to conduct discovery and litigate these preliminary issues, after which a continuance may not be necessary, either because Defendant Blakeney's circumstances have changed, or because he has been supplied with an attorney.

In addition to allowing the case to proceed, the court could, at its discretion, appoint counsel for Defendant Blakeney. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case. When determining whether to appoint counsel for an indigent civil litigant, the district court considers relevant factors such as the complexity of the case, the ability of the indigent litigant to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present his claim.") Because the Court has at least two alternatives to staying proceedings in this case which would better serve all parties "to provide for the just determination of cases which pend before [the court]" *Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964 (D. Minn. 1998) the court should deny Defendant Blakeney's motion for a stay.

## **CONCLUSION**

Defendant Blakeney makes broad and sweeping claims that he requires a stay for reasons which are not supported by evidence, fail to show actual hardship to Defendant Blakeney, and will not be addressed by the relief that he seeks. Due to the consequences Defendant Blakeney has faced for his previous misconduct, he has little left to lose from this litigation and little to gain from a stay. The Plaintiff's will continue to suffer and be denied relief from Defendant Blakeney's wrongdoing for no purpose if Defendant Blakeney's motion is granted. Finally, any hardship that Defendant Blakeney is suffering because of his current status on home incarceration could be resolved by reconsidering this issue after other preliminary issues are

resolved which may result in Defendant Blakeney's living arrangement changing, Defendant Blakeney being provided an attorney under his work contract, or through the Court appointing an attorney for Defendant Blakeney.

WHEREFORE, the Court should deny Defendant Blakeney's Motion for Stay in Proceedings, proceed with this case at the Court's discretion guided by the proposed scheduling plans filed by Plaintiffs and Defendant City of Pine Lawn, and grant any further relief as the Court sees just and appropriate.

Date submitted: **June 20, 2016**          Respectfully submitted,

**ARCHCITY DEFENDERS, INC.**

/s/ Edward Hall
Edward Hall #0012692IA
Blake A. Strode #68422MO
Nathaniel Carrol #67988MO
1210 Locust Street
St. Louis, MO 63103
(855) 724.2489
(314) 925.1307 (fax)
ehall@archcitydefenders.org
bstrode@archcitydefenders.org
ncarroll@archcitydefenders.org
Attorneys for Plaintiffs

Certificate of Service
The undersigned hereby certifies that on this 20th day of June, 2016, the foregoing was
filed electronically via operation of this Court's electronic filing system and thereby served upon
all attorneys of record in this matter. Further, a hard copy was sent to the following via U.S.
Mail, postage prepaid, on June 21, 2016:

Steven Blakeney
1804 Prescott Rd.
St. Charles, MO 63303
*Defendant pro se*

/s/ Edward Hall