## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

LISA SCHWEPPE and )
JILLIAN ZURMUEHLEN, )
)
Plaintiffs, )
)
vs. ) Case No. 4:16-cv-00253-JAR
)
CITY OF PINE LAWN, MISSOURI and )
STEVEN BLAKENEY, )
)
Defendants. )

## MEMORANDUM AND ORDER

On May 26, 2017, Defendant City of Pine Lawn, Missouri ("Pine Lawn") and Plaintiffs
Lisa Schweppe and Jillian Zurmuehlen filed a Joint Request for Emergency Telephonic
Conference, seeking the Court's guidance on a discovery issue relating to certain written
communications Defendant Steven Blakeney had sent to Pine Lawn's counsel (Doc. 47). After a
telephone conference with counsel for Plaintiffs and counsel for Pine Lawn, the Court directed
that the communications be submitted to the Court for *in camera* review to determine whether
any privilege has attached to the documents, and ordered Blakeney to submit in writing his
position on the privilege issue (Doc. 48).[1] Pine Lawn's counsel thereafter submitted the
communications to the Court (Doc. 49).

On June 8, 2017, Blakeney filed a written statement indicating that, shortly before he sent
the communications, he had received a letter from Pine Lawn's counsel seeking information; and
that the information contained in the communications "was in direct connection with [his] prior

---

[1] Blakeney's participation in the telephone conference was not feasible as he is defending
this action pro se, and he is currently in the custody of the Federal Bureau of Prisons.

employment with City of Pine Lawn" (Doc. 50). In his statement, Blakeney also requests that the

Court appoint him counsel to assist him in defending this action (Id.).

## Discussion

Having reviewed Blakeney's communications *in camera*, the Court concludes that they

are not protected by any privilege. Federal Rule of Civil Procedure 26(b)(1) provides that civil

litigants may obtain:

> Discovery regarding any nonprivileged matter that is relevant to any party's claim
> or defense and proportional to the needs of the case, considering the importance
> of the issues at stake in the action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the importance of the
> discovery in resolving the issues, and whether the burden or expense of the
> proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Federal Rule of Evidence 501 supplies the general rule regarding the

treatment of privilege by federal courts: "the common law—as interpreted by United States

courts in the light of reason and experience—governs a claim of privilege" unless the United

States Constitution, a federal statute, or Supreme Court rule provides otherwise.

The attorney-client privilege is the oldest of the privileges for confidential

communications known to the common law. Upjohn Co. v. United States, 449 U.S. 383, 389

(1981). Under the attorney-client privilege, "confidential communications between an attorney

and his client are absolutely privileged from disclosure against the will of the client." Diversified

Industries, Inc. v. Meredith, 572 F.2d 596, 601 (8th Cir. 1977). However, the communication

must be confidential—the moment a communication ceases to be confidential, the privilege also

ceases. Biben v. Card, 119 F.R.D. 421, 426 (W.D. Mo. 1987). "'[T]he voluntary disclosure of a

communication, otherwise subject to a claim of privilege, effectively waives the privilege . . . .

Once the secrecy or confidentiality is destroyed by a voluntary disclosure to a third party, the

rationale for granting the privilege . . . no longer applies.'" Id. (quoting Penn Central Comm.

2

Paper Litig., 61 F.R.D. 453, 463-64 (S.D.N.Y. 1973)); see also PaineWebber Grp. v. Zinsmeyer Trusts P'ship, 187 F.3d 988, 992 (8th Cir. 1999). The Court concludes that Blakeney's communications are not protected by attorney-client privilege because Pine Lawn's attorney is not representing Blakeney, a fact of which Blakeney was clearly aware, given the history of the case and his previous motions for appointment of counsel.

Under the "work product doctrine," information or materials assembled by or for a person in anticipation of litigation or in preparation for trial may be qualifiedly privileged from disclosure to an opposing party." Fed. R. Civ. P. 26(b)(3). "[D]isclosure to an adversary waives work product protection as to items actually disclosed." Pittman v. Frazer, 129 F.3d 983, 987-88 (8th Cir. 1997) (citing In re Chrysler Motors Corp. Overnight Evaluation Program Litig., 860 F.2d 844, 846 (8th Cir. 1988)). Blakeney's communications are not protected by the work-product doctrine because, even assuming his communications were work product, he waived any such protection by voluntarily disclosing the communications to Pine Lawn's counsel.

Some courts have recognized the "common law doctrine" as an exception to the general rule that voluntary disclosure of privileged material waives any applicable privilege.[2] See Progressive Cas. Ins. Co. v. FDIC, 302 F.R.D. 497, 502 (N.D. Iowa 2014). Where recognized, "the common interest doctrine applies when multiple persons are represented by the same attorney. Communications made to the shared attorney to establish a defense strategy remain privileged." Id. (internal quotation omitted). The doctrine is also applied where "parties are represented by separate counsel that engage in a common legal enterprise." Id. In determining whether the doctrine applies to a communication, the "key consideration" is whether the co-

---

[2] It appears that the United States Court of Appeals for the Eighth Circuit has not yet adopted the common law doctrine. See Progressive, 302 F.R.D. at 502. Out of an abundance of caution, the Court will determine whether Blakeney's communications would be protected under

3

defendants share an identical, not similar, legal interest. Id. The parties must also establish that "any exchange of privileged information was made in the course of formulating that common legal interest and strategy." Id. The Court concludes that, even assuming that the "common law doctrine" is recognized in this jurisdiction, it would not protect Blakeney's communications because Blakeney and Pine Lawn do not share an identical legal interest, and Blakeney did not send his communications to Pine Lawn's counsel for the purpose of establishing a common defense strategy.

The Court also is not persuaded by Blakeney's assertion that the communications are privileged because he prepared them in connection with his employment with Pine Lawn. Notably, as the communications themselves indicate, Blakeney's employment with Pine Lawn terminated well before he authored the communications. For these reasons, the Court concludes that the communications submitted for *in camera* review are not protected by any privilege.

Finally, the Court will deny Blakeney's renewed request for appointment of counsel. There is no constitutional or statutory right to counsel in civil cases. See Philips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006). In determining whether to appoint counsel in a civil case, the Court should consider the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. Id. (citing Edgington v. Missouri Dep't of Corr., 85 F.3d 777, 780 (8th Cir. 1995)). Blakeney has demonstrated that he can adequately present his defenses to the Court, his legal arguments are not especially complex, and it is apparent that Plaintiffs and Pine Lawn have been communicating with Blakeney and engaging in discovery with him. Accordingly,

---

the doctrine, should it be recognized in this jurisdiction.

**IT IS HEREBY DECLARED** that the communications submitted to the Court for *in camera* review (Doc. 49) are not privileged.

**IT IS FURTHER ORDERED** that Defendant Blakeney's request for appointment of counsel as set forth in his June 8, 2017 statement to the Court (Doc. 50) is **DENIED**.

Dated this 20th day of June, 2017.

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**