**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

LISA SCHWEPPE and )
JILLIAN ZURMUEHLEN, )
)
    Plaintiffs, )
)
    vs. )      Case No. 4:16-cv-00253-JAR
)
CITY OF PINE LAWN, MISSOURI and )
STEVEN BLAKENEY, )
)
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on two Motions to Quash Subpoena and/or for Protective Order filed by non-party Movant City of St. Louis. (Docs. 85, 86.) Plaintiffs Lisa Schweppe and Jillian Zurmuehlen have filed a memorandum in opposition (Doc. 87) and Movant has replied (Doc. 94).

### Background

Plaintiffs allege the following in their complaint: Defendant Steven Blakeney, a former Lieutenant in the Pine Lawn, Missouri, Police Department, drugged and abducted them from a St. Charles restaurant. (Doc. 1.) Blakeney called another Pine Lawn Police Officer, who allowed Blakeney and Plaintiffs to "travel uninterrupted across town" by providing a police escort as Blakeney drove the women to a bar in St. Louis. Plaintiffs were eventually taken to Blakeney's home in Oakville, Missouri, where they regained consciousness around 4:00 a.m. and demanded to be taken home. Blakeney again summoned the second officer, who arrived and took Plaintiffs home in his Pine Lawn police cruiser.

Plaintiffs sued Blakeney under 28 U.S.C. § 1983, alleging that he violated their constitutional rights while acting under color of state law. Plaintiffs alleged that Pine Lawn was liable for failing to screen Blakeney before hiring him and being aware of, but failing to correct or prevent his misconduct. Plaintiffs served on Movant two subpoenas. The first sought, among other things, "[c]omplete and unredacted copies of all . . . materials . . . concerning police investigations" in cases involving Blakeney. (Doc. 85-1.) The second sought "[c]omplete and unredacted copies of all . . . materials . . . concerning the training, employment, discipline, expulsion, or termination of Steven Blakeney," who had been removed from the St. Louis Police Academy before joining the Pine Lawn Police Department. (Doc. 86-1.)

Movant moved to quash both subpoenas, arguing that the records sought were "closed" under Missouri Law, might include the identities of victims or others unrelated to this suit, or were already available to the public for a reasonable fee. (Docs. 85, 86.) In addition, Movant noted that Plaintiffs provided "no witness fee or mileage compensation." (Docs. 85, 86.) Plaintiffs respond that Movant failed to show that the materials subpoenaed were protected from discovery and that Movant's arguments in support of quashing are insufficient. (Doc. 91.) Movant also sought a protective order covering any records it is ordered to produce. (Docs. 85, 86.)

## Discussion

Federal Rule of Civil Procedure 45(d)(3)(A) provides that a court must quash or modify a subpoena that seeks "disclosure of privilege or other protected matter, if no exception or waiver applies."[1] However, "[t]he burden is particularly heavy to support a 'motion to quash as

---

[1] Movant does not object to timing, geography, or any undue burden inherent in complying with the subpoenas; it only objects on the grounds that the material is protected from disclosure. *See* Fed. R. Civ. P. 45(3)(A)(i), (ii), (iv).

contrasted to some more limited protection.'"  *Id.* (quoting *Westinghouse Electric Corp. v. City of Burlington*, 351 F.2d 762, 766 (D.C. Cir. 1965)).

First, Movant asserts that the records sought are covered by Missouri Revised Statute § 610.021(3) and (13), which exempts certain "closed" material from the general rule that the records of public governmental bodies must be made public.  Among those exemptions are records concerning the "(3) [h]iring, firing, disciplining or promoting of particular employees . . . when personal information about the employee is discussed or recorded," and "(13) [i]ndividually identifiable personnel records, performance ratings or records pertaining to employees or applicants for employment."  Mo. Rev. Stat. § 610.021(3), (13).  Movant also argues that the records are "closed" under § 610.105, which covers documentation pertaining to a case that is "nolle prossed, dismissed, or [in which] the accused is found not guilty or imposition of sentence is suspended in the court."  Further, Movant specifically asserts that the subpoenas could include documents created by the Internal Affairs Division of the St. Louis Police Department, the confidentiality of which is paramount to the effective investigation of future misconduct.  (Doc. 87 at 2.)  In support, Movant cites *State ex rel. Delmar Gardens N. Operating, LLC v. Gaertner*, 239 S.W.3d 608, 611 (Mo. 2007) (en banc) ("Missouri recognizes a right of privacy in personnel records that should not be lightly disregarded or dismissed."), and *State ex rel. St. Louis Cty. v. Block*, 622 S.W.2d 367, 370 (Mo. Ct. App. 1981) (the confidentiality of Internal Affairs files "is essential to protect the integrity of the police department and to maintain an effective disciplinary system")

In response, Plaintiffs note that Movant does not identify any actual privilege that protects the records from discovery.  (Doc. 91 at 3-4.)  Plaintiffs also note that § 610.021 deals with Missouri's Sunshine Laws, not subpoenas, and assert that the cases Movant cites are

inapposite. Instead, Plaintiffs offer *Noce v. City of Webster Groves*, 4:10-cv-2363, 2013 WL 4620662, at *3 (E.D. Mo. Aug. 29, 2013), in which the Court denied the defendants' motion to quash and ordered a non-party police department to turn over the personnel records. The Court held that the defendants "d[id] not "explain why plaintiff is not entitled to the documents she s[ought]" and that any privacy concerns could be addressed by redacting "irrelevant, sensitive matters." *Id*. at *3, *4. In this case, Plaintiffs suggest that any concerns regarding Blakeney's privacy could be addressed by redacting sensitive information (as the City of Pine Lawn did when it produced Blakeney's complete personnel file) or by designating the records "Confidential" pursuant to the protective order in this case. (Doc. 91 at 4-5.)

The Court agrees with Plaintiffs. Movant does not claim any privilege that shields the records sought. *See* Fed. R. Civ. P. 45. Moreover, the Court concludes that § 610.021 and § 610.105 do not shield the subpoenaed records from discovery. Missouri courts make clear that the state law's "general prohibition only extends to the *public's* access to such files, and so [Plaintiffs] correctly recognize[] that if the information is 'material and favorable' to [their] case, the Sunshine Law does not *per se* bar its admission." *State v. Donovan*, No. ED 104625, 2017 WL 4782271, at *7 n.4 (Mo. Ct. App. Oct. 24, 2017), *reh'g and/or transfer denied* (Dec. 19, 2017); *see also State ex rel. Jackson Cty. Grand Jury v. Shinn*, 835 S.W.2d 347, 347 (Mo. Ct. App. 1992) (denying motion to quash subpoena "seeking 'all documents and records maintained in the internal affairs investigation file regarding' certain named police officers"); *cf.* Mo. Rev. Stat. § 546.720 (expressly stating that the identity of the state execution team members is not discoverable by "subpoena, or other means of legal compulsion"—language not present in § 610.021(3) or (13)); *but see*, *Edwards v. Villmer*, No. 4:16CV1077 RLW, 2017 WL 2711600, at *4 (E.D. Mo. June 22, 2017) (citing Mo. Rev. Stat. § 610.100.2) (denying a motion to compel

production of closed documents because "the documents requested either have been produced, are privileged and/or confidential documents, or do not sufficiently relate to [Plaintiffs] claims in this lawsuit"). Moreover, Movant can protect Blakeney's privacy by redacting irrelevant, sensitive information, as Pine Lawn did.[2] In fact, Local Rule 2.17(A) *requires* Movant to redact certain sensitive information such as social security numbers, dates of birth, and home addresses.

Movant next argues that the subpoenaed records may "involve alleged crimes of a sexual nature" and that Missouri law simply protects the right of victims to request that their identity be kept confidential unless and until a formal charge is filed. (Doc. 85 at 2 (citing Mo. Rev. Stat. § 610.100.7).) Because no charge was ever filed, Movant seems to suggest that those records cannot be shared without the victim or victims' consent. (*Id.*)

The full text of § 610.100.7 reads, "The victim of [a sex crime] may request that his or her identity be kept confidential until a charge relating to such incident is filed." Mo. Rev. Stat. § 610.100.7. Rather than creating a presumption of confidentiality which the victim must waive, as Movant implies, the provision allows victims to request confidentiality until a charge is filed. Because Movant does not assert that the victims of the alleged crimes at issue have requested confidentiality, the Court concludes that § 610.100.7 does not mandate quashing the subpoena. What is more, Movant provides no authority for the proposition that records relating to alleged sex crimes are otherwise protected from discovery.

Movant further argues that because police officers can be compelled under *Garrity v. State of N.J.*, 385 U.S. 493 (1967), to respond to police department questioning under threat of termination, investigative and personnel records might contain information otherwise protected

---

[2] The Court notes that the subpoena seeks "Complete and un-redacted copies" of the requested records, but Plaintiffs suggest in their Response that properly redacted documents would satisfy their request. (*See* Doc. 91 at 4.)

by the officers' Fifth Amendment rights.  (Doc. 87 at 2.)  The disclosure of that information "has a serious potential for compromising constitutional rights of police officers," Movant asserts. (*Id.*)  However, Movant does not cite any case in which a subpoena was quashed on that basis or that otherwise stands for the proposition that providing police investigative records in response to a subpoena violates an officer's Fifth Amendment rights.  In fact, Movant does not assert that the records sought contain so-called *Garrity* material—only that they might.  The Court is therefore unable to conclude that disclosure would be unconstitutional in the way Movant suggests.

In sum, the Court concludes that Movant has failed to show that the records sought by Plaintiff are privileged or otherwise protected from disclosure.  Plaintiffs' suit includes a failure-to-screen claim to which past disciplinary issues recorded in Blakeney's police academy and investigative files would directly relate.

That said, Movant asserts that some of the records covered by Plaintiffs' subpoenas are publicly available "upon payment of reasonable fees."  (Doc. 85 at 3.)  The Court agrees that Movant should not be required to produce any record reasonably available to the public.  Movant also asserts that Plaintiffs did not tender witness fees or mileage compensation as required by Rule 45(b)(1).  (*Id*. at 2.)  The Court will order Plaintiffs to remit the required amounts.

Finally, Movant asks the Court to review the records in camera for relevance before releasing them to the Plaintiffs and moves for a protective order covering any documents the Court orders it to provide.  (*Id*. at 4-5.)  The Court concludes that an in camera review is unnecessary.  Likewise, the Court concludes that the privacy concerns motivating Movant's request for a protective order are sufficiently addressed by the Court's January 19, 2017, protective order.  (Doc. 36.)

The Court notes that the subpoenas appear to cover a large number of records. However, two facts mitigate any concern that the subpoenas are overbroad: first, Movant represents that the subpoena served on the St. Louis Police Department's Custodian of Records (*see* Doc. 85-1) has been limited, by agreement of the parties, to records pertaining to "the report numbers specifically identified in the subpoena and records 2010 to present" (Doc. 85 at 3). Second, the subpoena served on the St. Louis Police Department's Human Resources Division is naturally limited by the very short time during which Blakeney was enrolled in the St. Louis Police Academy.

## Conclusion

For the foregoing reasons, the Court is satisfied that the information sought by Plaintiffs is relevant and discoverable. The Court will therefore allow the subpoenas as limited by agreement of the parties, and as to records that are not reasonably available to the public.

Accordingly,

**IT IS HEREBY ORDERED** that non-party Movant City of St. Louis' Motions to Quash Subpoena (Docs. 85, 86) are **GRANTED in part and DENIED in part**. Movant shall produce to Plaintiffs the records responsive to Plaintiffs' subpoenas except for the following, to the extent they are publicly available:

- Records relating to CN 14-040493;

- Accident Reports 13-042829; 12-039721; and 11-053580; and

- Any incident reports as defined by Mo. Rev. Stat. § 610.100.

**IT IS FURTHER ORDERED** that Plaintiffs shall tender to Movant any witness fees or mileage compensation required by Rule 45(b)(1).

Dated this 30th day of January, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**